et al. Arguments not to exceed 15 minutes per side. Mr. Callaghan for the appellants. May it please the court, my name is Rory Callaghan for all of the appellants. I'd like to reserve three minutes of my time for rebuttal. You may, please proceed. Thank you. Your Honor, in this case, the plaintiff, appellee Barbara Moore, brought a First Amendment retaliation claim. And we have four individual defendants, Chris Money, Martha Spohn, Amy Ast, and David Pigman, who each are alleged to have retaliated against her because of in-court testimony that she made during 2010. Now this is a simple case about what clearly established law means. Once the district court said that the Sixth Circuit has not addressed the issue of in-court testimony as public employee speech, the analysis in that opinion and order should have gone in a much different direction. And casting about looking at the Ninth Circuit, a Third Circuit decision in the City of Atlantic City, what the Eleventh Circuit had done, and the case that was going up to the U.S. Supreme Court, Lane v. Franks, should have shown that there was not clearly established law that would allow these reasonable public officers, the Second issue, basically, is that the defendants didn't take any action in this case against the rights of Barbara Moore. The district court didn't make any individualized determination for each defendant, each appellant, that they acted or that there was any evidence to show a causal connection or an intent to retaliate against Barbara Moore for her in-court testimony. And in addition to that, there weren't any adverse employees. Mr. Callahan, let me cut to the chase and try to figure out what I'm missing here. Under Lane, it seems to me unmistakable that the law wasn't clearly established. So why do we, what else is there that you want to say? The only thing I would say, Your Honor, candidly, is that in Lane v. Franks, they did remand for official capacity claims. Lane v. Franks was a firing case. The individual claims against my clients. But just in Lane v. Franks, they remanded on the official capacity claims. And I think that this court has, at a minimum, pendant appellate jurisdiction in reviewing the motion for summary judgment to say, look, there wasn't any individual, we don't apply agency principles in 1983 claims. There's no respondeat superior liability. What is the official capacity claim? Restoration of her job, then, I assume, injunctive relief? I assume that would be the argument that the appellate would make. Again, but she wasn't fired here. She left voluntarily and went off on medical leave in March 2011. Well, more importantly, at any point, has she sought restoration of her job? She has not. I mean, she hasn't been found to be a prevailing party here. That's, I think, one, things have been discussed. I'm asking what she sought by way of relief here. If she simply wanted damages, then what would be the purpose of remanding on an official capacity claim for which you can't get damages? Correct. She couldn't seek damages. It would be, I think, the amended complaint had asked for equitable relief, which might include a claim like that. I think that's the only claim I would be concerned about. I feel like there's a very strong basis for dismissal based on clearly established law. But we'd ask that the decision dismiss the case completely since there isn't any remaining claim. All right. Anything else you want to tell us? No, I'll reserve my rebuttal time. But if you don't have any other questions on the clearly established law, I should. Thank you, Your Honor. Thank you. May it please the Court, my name is Raphael Davis-Williams, and I am representing Appley Barber Moore in this matter. So let's divide it out into the two categories. On your individual capacity claims, is there any conceivable theory under which you can win that in light of Lane saying the law would be effective? Absolutely, Your Honor. And I would actually ask that the Court take a more careful reading of Lane, and specifically look at Lane at page 2381, where the Supreme Court says, the relevant question for qualified immunity purposes in this case, could Frank, the employer, reasonably have believed at the time he fired Lane, the employee, that a government employer could fire an employee on account of testimony that was given under oath outside the scope of the ordinary responsibilities. The Eleventh Circuit precedent did not preclude Frank from reasonably holding that belief, and no decision of the Supreme Court had sufficiently cast doubt on that. However, that is the exact opposite in the Sixth Circuit. The Sixth Circuit has almost 30 years of precedent that absolutely says there is a very clear bar for a public employer to terminate or take adverse employment actions against a public employee based on that testimony. But the District Court, didn't the District Court concede that there was no Sixth Circuit precedent? No, I'm sorry, Your Honor. No, the District Court said there was no Sixth Circuit precedent on court-ordered testimony, which is what the case is here, which distinguishes this case from both Lane, Garcetti, and all of the other cases that are in line with this particular case. The testimony that was elicited from my client was ordered by the District Court. The District Court ordered her to testify. She was not chosen by her employees. She did not voluntarily go. She did not go to make a complaint. She was ordered by the District Court to come in and testify. This Court, the Sixth Circuit, clearly established in Marhoneck v. Walker that employee speech was protected in that particular case, the facts of that case, when the employee spoke to the police officer conducting criminal investigations against his public employer. This Court, the Sixth Circuit, emphasized that Marhoneck's speech was induced by civic commitment to cooperate with law enforcement rather than by any official duty related to his employment. What the District Court in this case stated was that there is no case on point where there was court-ordered testimony, but there are tons of presidential cases where an employee provided testimony under oath and then suffered adverse employment actions. The case you just cited, you said Marhoneck? Marhoneck v. Walker, 800 F. Second. Hold on just a minute. Wait a minute. I'm looking at your responsive brief, and I don't even see that in the table of authorities. That's the key to your case? No, Your Honor. They're in the record. There's a ton of... Did you cite us that case you're just alluding to? No, sir. Not in the briefing. However, the record is clear in the motion. Wait a minute. You're saying the law is clearly established in the Sixth Circuit because it was compelled testimony. Did I get that right a minute ago? Yes, Your Honor. And you cite to a case that you don't even rely upon in your brief. So is there a case that you rely upon in your brief that stands for the proposition that you're just arguing? Because I misunderstood that. I didn't get that. Yes, Your Honor. Okay. So what other one did you cite? Weisberg v. Geaga Park District, which also cites Marhoneck. Weisberg? Not in the table of authorities. So, Your Honor, we... So do you want us to look at some cases that you haven't even cited? Your Honor, these cases were cited in the record in the lower court. They may not have been cited. We had to change in an effort to address Lane. These are the cases that we came up with, but they were cited in the lower court. They were cited in our briefings, both at the lower court. They may not be in the... Were they utilized by Judge Marbley? Yes, Your Honor. Marbley relied upon them? Yes, Your Honor. Okay. Where do I find that? You can find that in Judge Marbley's opinion motion and his opinion in order denying the motion to dismiss. He cites both Weisberg and Marhoneck in that particular opinion. All right. Mr. Davis, Williams, are these pre-Garcetti cases? Yes, Your Honor. Okay. I mean, didn't Garcetti establish a whole new legal framework for public employees and their First Amendment rights and therefore really put in doubt whether the pre-Garcetti Sixth Circuit cases are applicable? Absolutely, Your Honor. However, Lane also redefined Garcetti. Sure. And the way that Lane redefined Garcetti was basically saying, here it is, in a very practical manner. What the appellants are asking this court to do is to establish a rule that would say if a public employee provides testimony that is compelled by a judge, that that employee must then choose between giving truthful testimony or suffering adverse employment action. I think their argument is a little more limited. They're saying that prior to Lane v. Franks that the law wasn't clearly established in this area. I mean, I think Lane v. Franks, at least for the issue there, I mean, they reversed the Eleventh Circuit and they've created clearly established law for their holding. I think their argument is that after Garcetti and before Lane v. Franks that the law was unsettled and therefore the state employees are entitled to qualified immunity. I think that's what the argument is. I agree that that's the argument, but I don't believe that's the argument. I believe that Lane is more narrow than both appellants, than what appellants are necessarily arguing because as I quoted again, the limitation that the Supreme Court put on Lane was that the Eleventh Circuit, it was unclear in the Eleventh Circuit. That's exactly right. That's why the defendants in Lane nevertheless won because the Supreme Court said, okay, Eleventh Circuit was wrong, unanimously wrong, which I thought was significant. They nevertheless said the defendants in the Eleventh Circuit had a right to rely on the Eleventh Circuit's erroneous decision and therefore they're entitled to qualified immunity. Well, we're not in the Eleventh Circuit. We're in the Sixth Circuit. And my question is, I mean, Lane was very clear that the Eleventh Circuit is wrong unanimously. You don't see that very often. And if the Eleventh Circuit is an outlier and their decision was so way out there, was it reasonable? The question is whether the defendants were reasonable to rely on such an outrageous decision. And how do you respond to that? Because you're absolutely right. The Eleventh Circuit was an outlier. The Sixth Circuit, it has been established in the Sixth Circuit. That moronic case was set in 1986. It's almost 30 years of definition and precedential law stating that a public employer cannot take adverse employment actions against a public employee based on testimony that is provided. And there's a two-part test that's also listed. And I know we included this case, C versus the City of Elyria. And that was a 2007 case where the Sixth Circuit basically said as a matter of concern, the individual is speaking as a citizen. If a matter of public concern involves political, social, or other community concern, there's a two-part test to determine that, one, was there a constitutional right violation, and two, was the law clearly established? It was clearly established in the Sixth Circuit. It wasn't clearly established in the Eleventh Circuit, but it is absolutely clearly established in the Sixth Circuit that an employee cannot take adverse employment actions against a public employee. So you're saying that Judge Marbley was wrong in finding it was not, that there were no Sixth Circuit cases? No, that's not what I'm saying, Your Honor. I believe we're parsing in the wrong. What Judge Marbley said was there was no precedent for a federal court-ordered testimony compared to all of the other cases were individuals who either voluntarily testified or it was a part of their duty. But if those cases were, if they were binding and they were good authority, that the situation you have where you have compelled testimony would be even stronger for a First Amendment right than cases where they voluntarily give testimony, isn't it? That's, you're right, Your Honor. But Judge Marbley still said those cases weren't on point, right? No, I believe what Judge Marbley said, and we can read it again. I don't have the, I just looked at it last night. I should have noted where it was. What he said was there was no case on point based on compelled testimony. That, I think that's the distinction that was being, that Judge Marbley was making. Compelled testimony versus testimony that's either a part of the individual's job duties or where the individual initiated the process or where there were some other means of eliciting that testimony other than court-ordered testimony. Well, we had compelled testimony here. The judge compelled it. Yes. And Judge Marbley said there were no Sixth Circuit or Supreme Court cases that, at that time, established that an employer couldn't retaliate against an employee under those circumstances. Under compelled testimony. Correct. But that... He was wrong when he said there weren't any cases? No. What I believe we're saying is that... He's using the word compelled testimony. He doesn't use that word or that phrase. He says, although the Sixth Circuit has not expressly addressed the issue of in-court testimony as protected by public employee speech. And then I believe that the phraseology he uses after that is similar. He doesn't seem to be distinguishing between compelled or not compelled. In Judge Marbley's motion to dismiss, in his opinion in order, in the motion to dismiss, which is document 13, I don't have the page ID, he says, Plaintiff was ordered by this court to appear... What is document 13? This is document 74. The opinion in order is document 74. From the motion to dismiss? I don't know. I'm just looking at what I think you appealed from here. Right. Are you talking about... I looked at the entire record. I'm sorry. Are you talking about a more preliminary decision that he rendered in this case? Yes, Your Honor. Are you appealing from that? No, Your Honor. Just looking at the entire record. I'm just looking at the opinion in order that you appealed from. That's document 74. That's right, Your Honor. Yes. Wait a minute. You didn't appeal it, did you? They appealed. I'm sorry. I understood. You are defending... I understood. You're defending the district court's decision. You're defending Judge Marbley's opinion. That's why I don't even understand why you say he was wrong in this. You're here to support him. Absolutely. You're referring us to an earlier opinion of his in this case, not the one from which the state has taken the appeal in this case. Yes, Your Honor. I apologize. I was taking a view of the entire record rather than only the denial of the motion for summary judgment that appellants filed. Looking at the entire record is where my attention was focused on the entire record rather than... What was the substance of the earlier opinion? Was that a motion to dismiss? Yes. It was a motion to dismiss that was denied. Okay. Let's get past the issue of whether these old Sixth Circuit cases are on point or not. Tell me otherwise why you think that it was clearly established that the defendants could not act the way they allegedly did here. Sure. It was clearly established outside of the cases, and we did include this in our briefing, based on a practical application of where if the Sixth Circuit in this case reverses course, Judge Marbley, and says that it is, in fact, permissible for a public employer. Well, no, we're not going to do that. I mean, the issue is whether it's clearly established. That's backwards. Wayne v. Frank has already essentially said that this is a constitutional violation, but we have to decide if it was clearly established at the time of your client's testimony. Just assume for purposes of argument that I don't think those Sixth Circuit cases bind us or that that's on point. What's your next argument as to why this was clearly established? It was clearly established, and that's where I was going with this a moment ago, because it's illogical to assume that a compelled testimony then elicits punishment or adverse employment action. But the whole dispute was whether it was within your job duties or outside your job duties. That was what the issue was, right? That's what the Supreme Court's taking up in Lane. That's definitely an important issue, but it's not the sole issue. But it is important in this case as well, because it was wholly outside of her job duties. There was nothing about it. She was not a prosecutor. There was nothing but for the court ordering her to testify. She would never provide a sworn testimony. If we took up the constitutional claim, you'd probably win on that under Lane. But how do you make it clearly established? Because from 1986 forward, the Sixth Circuit, as well as the precedential law, said that you cannot punish a public employee for sworn testimony. Based on cases, none of which are cited in this appeal? Yes. Got it? Okay. See our problem? I do. Thank you. Mr. Callahan, at least for me, this has taken an unexpected twist. So what about these cases apparently cited in a different earlier opinion of Judge Marbley that may or may not still be correct after Garcetti? Your Honor, there was a motion to dismiss filed when the initial complaint, the amended complaint, were filed. In a preliminary ruling, Judge Marbley did deny those motions and essentially said do some discovery. The parties should present evidence as to what the adverse employment actions actually were, since, again, the employee wasn't terminated, and what the good faith reason for any of these actions were that the defendants took. Even though I know that some qualified immunity cases do go up on Rule 12 motions, it seemed like the best decision at that juncture was to do the discovery that Judge Marbley had instructed us to proceed with, and we did that. Then we filed the motion for summary judgment last year, and when that was denied, that's what we've brought up now with a more complete record for the court to review. So I would say there weren't any opinions in there. Certainly not Judge Griffin post-Garcetti that established that that in-court public employee testimony was clearly established law for violation of the First Amendment. So just on that last point, what I'll reiterate is I still think there's a question about what adverse employment actions actually occurred here. There's a laundry list of 12 different things. I think the 11th Circuit badly misread Garcetti. I see Garcetti as creating a very limited exception as to First Amendment rights when the speech is solely based upon the job duties of that employee, but it has nothing to do with court testimony or testimony that one does as a citizen. I was not surprised at all that Lane reversed the 11th Circuit unanimously, which you very rarely see. I think the best argument for affirmance is that the 11th Circuit was so wrong in their interpretation of Garcetti, and that the 6th Circuit had not ruled like the 11th Circuit had, and Garcetti's holding is very apparent that it wouldn't include taking away an employee's First Amendment rights of court testimony. Tell me what's wrong with that argument, that there's no 6th Circuit case and the 11th Circuit interpretation of Garcetti is just so out there that it really just isn't reasonable to take that position, that Garcetti itself is clear. Well, actually, in the Garcetti case, the petitioner, Ceballos, the attorney general, the calendar deputy, I've forgotten his exact title, he had written a memo challenging the just cause determination, and that was what was found to be what we now refer to as the Garcetti speech, this memorandum where he had viewed a probable cause determination. Part of his job. But he'd also testified in court when he was called by the defense in that criminal case, and the Supreme Court didn't reach that issue. So that has developed a lot of different litigation post-Garcetti. They didn't rule on that part of the Garcetti case? Correct, they didn't rule on that. And actually, the 9th Circuit in Huppert in 2009 had ruled that a police officer testifying pursuant to the 9th Circuit promptly reversed that errant decision. And they reversed that later. So you have an errant decision that's promptly reversed by the 9th Circuit, you have an 11th Circuit errant decision which is unanimously reversed by the Supreme Court, and the issue is are the interpretations by those circuits, was it reasonable? I think the issue is, for my clients, is what standard could they be held to? And if the courts are disagreeing, then that seems like that's where qualified immunity should be granted. And the only thing I would add was with Lane v. Franks, there was footnote 4, where they specifically, the unanimous court, as you said, specifically stated that they would reach no opinion on how Garcetti applies when in-court testimony is part of the employee's ordinary job duties. And Justice Thomas, in his concurrence, mentions police officers, crime scene technicians, lab analysts, and also 30B6 opponents who are presented as a witness on behalf of the institution to speak about policy, how policy is implemented. That's still an open question after Lane v. Franks about whether sworn testimony would be protected when those employees are making that speech as part of their regular official duties. So I think it's a very ambiguous area. So again, I think it's a compelling case for qualified immunity for the appellants in this case. But in addition, because there was no adverse employment action, and the two most recent cases for public employee First Amendment retaliation claims, Savage v. Gee. Why would we want to get to whether there was an adverse action here? There's arguments on both sides of that. What's the point of that? Again, just to make clear, in a way, it's another qualified immunity analysis to show that there is a clearly established law that these 10 or 12 different issues of moving her office, having an investigation, giving her supervisory counseling, that none of those things are an adverse employment action that supports a First Amendment retaliation claim for a public employee. So I think that's an important component about this case. Obviously, I want the case dismissed against my clients, but I'm also concerned about an official capacity claim if something was identified like Lane v. Franks. And I wanted to point out that because this isn't a discharge case where the employee was fired, unlike Lane v. Franks, that that's a basis for dismissing all the claims against the appellants. And if you don't have any other questions, thank you. All right, thank you. The case will be submitted. Please adjourn the court. This honorable court is now adjourned.